IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WINSTON A. LAWTON, III, ESQUIRE, SPECIAL ADMINISTRATOR FOR THE ESTATE OF ERMA FAYE LEE, | ) ) ) ) Civil Action No. 2:12-cv-00332-RMG |
| Petitioner, | ) ) |
| vs. | ) **ORDER APPROVING SETTLEMENT** ) |
| COOPER TIRE & RUBBER COMPANY, | ) ) |
| Defendant. | ) ) |

This matter came to be heard before me on the verified Petition of Winston A. Lawton, III as Special Administrator for Estate Erma Faye Lee, seeking approval by this Court of an offer of settlement made by the Defendant Cooper Tire and Rubber Company and agreed to by the Special Administrator on behalf of the Estate of Erma Faye Lee, subject to court approval. At a hearing held before me on this date, Winston A. Lawton and his attorneys appeared and presented information for me to consider the settlement with regard to the death of Erma Faye Lee. Based on the record and the testimony presented I make the following findings.

1. Erma Faye Lee was the driver and owner of a 1996 Plymouth Grand Voyager van at the time of the accident. The vehicle was traveling in a northerly direction on Interstate 95 near Walterboro, South Carolina when the left rear tire on the Plymouth van experienced a failure and she lost control of the vehicle and ran off of the left side of the roadway where the subject vehicle overturned and struck a tree. Erma Faye Lee sustained physical injuries as a result of the accident which subsequently led to her death.

1

2. The left rear tire was an El Dorado Golden Fury GFT, P215/70R15 97S, DOT #U9M3 EK2 2606, manufactured by Cooper Tire and Rubber Company. Winston A. Lawton, III as Special Administrator for Estate Erma Faye Lee brought this action alleging that the left rear tire on the van was defective and that the failure was the cause of the accident. The underlying complaint alleges claims sounding in negligence, strict liability and breach of warranty.

3. While the Defendant admits that the deceased Petitioner died in an accident involving a Cooper Tire, it has denied that the death of Erma Faye Lee was the result of any negligence or recklessness on its part. Cooper Tire specifically denies that the tire was defective and denies liability. Cooper Tire and Rubber Company, nevertheless, in the interest of compromise, has offered to pay to Winston A. Lawton, III as Special Administrator for Estate Erma Faye Lee, Four Hundred Ninety Thousand and 00/100 ($490,000.00) Dollars, to settle any and all claims brought by Winston A. Lawton, III as Special Administrator for the Estate Erma Faye Lee, including any claims that were brought under South Carolina Wrongful Death and Survival Statutes. The full and final settlement amount to be paid to Winston A. Lawton, III as Special Administrator for Estate Erma Faye Lee, and the heirs and statutory Wrongful Death beneficiaries by and through the Special Administrator, Winston A. Lawton, III is a settlement of all claims against the Defendant, and for any and all other causes of action.

4. Defendant Cooper Tire and Rubber Company is self-insured in an amount in excess of the settlement reached in this case.

5. I find that of the Four Hundred Ninety Thousand and 00/100 ($490,000.00) Dollars to be paid by the Defendant in this action, One Hundred Thousand and 00/100

($100,000.00) Dollars shall be allocated to the Survival Action, and Three Hundred Ninety Thousand and 00/100 ($390,000.00) Dollars shall be allocated to the Wrongful Death Action.

6. I find that the Petitioner fully understands that the payments are made to effect a full and final settlement and disposition of any and all claims of Winston A. Lawton, III as Special Administrator for the Estate of Erma Faye Lee, and the heirs and statutory beneficiaries of Erma Faye Lee arising, occurring, or accruing against the Defendant, their respective heirs, agents, apparent agents, servants, employees, former employees, officers, board members, and their heirs, successors and assigns and all other persons, firms, entities, insurers, as a result of the injuries and/or death referenced above.

7. It appears that the Petitioner and Petitioner's attorney have fully investigated the matter, and that, after giving careful consideration to all aspects of the situation, have concluded that the settlement offer is fair and advantageous from the standpoint of Winston A. Lawton, III as Special Administrator for Estate Erma Faye Lee, the heirs at law, and the statutory beneficiaries, and have asked this Court to approve the same.

8. The Petitioner is represented by Ronnie L. Crosby, Mark D. Ball, and R. Alexander Murdaugh of the firm Peters, Murdaugh, Parker, Eltzroth, and Detrick, P.A. The Defendant, Cooper Tire and Rubber Company, is represented by attorneys from Womble Carlyle Sandridge and Rice, LLP and Bradley Arant Boult and Cummings, LLP.

9. Counsel for the Petitioner has rendered services for the Estate which consist of: deposing numerous fact witnesses including investigating officers, occupants of the

3

vehicle, and eye witnesses; hiring an accident reconstruction expert, a forensic tire expert with experience in manufacturing and design of tires, and an economist to evaluate the economic loss suffered by the statutory beneficiaries. In addition, counsel for Estate has conducted extensive written discovery.

10. In consideration of the above-mentioned legal services performed in this case, counsel for the Petitioner is seeking approval of One Hundred Ninety-Six Thousand and 00/100 ($196,000.00) Dollars in attorney's fees. I find this amount to be fair and reasonable.

11. This action was prosecuted along with four other cases that arose from the same accident. In the interest of judicial economy, all of the cases were consolidated for discovery purposes. The costs associated with bringing the action was prorated amongst the different cases. The cost assigned to this individual case is Twenty-Three Thousand Six Hundred Six and 71/100 ($23,606.71) Dollars. I find this amount to be fair and reasonable.

12. Erma Faye Lee died intestate. The only beneficiaries of the Estate are her sons, Kevin D. Lee and Marvin Lee; and grandchildren, Kemar Lee, Barry Levelle Lee, and Dominika Lee. There are no outstanding creditors of record.

13. The parties have provided to the Court a Confidential Release and Indemnity Agreement on which they agreed. The Court finds the terms of that agreement are reasonable, acceptable, and appropriate.

14. Upon observing and interviewing the parties and their attorneys, I have concluded that the settlement proposed is fair and just and in the best interest of Winston A. Lawton, III as Special Administrator for Estate Erma Faye Lee, and to the

statutory Wrongful Death beneficiaries of Erma Faye Lee, by and through her Special Administrator, Winston A. Lawton, III, and that the same should be approved.

IT IS, THEREFORE, ORDERED that the Petitioner be and hereby is empowered to execute the Confidential Release and Indemnity Agreement.

IT IS FURTHER ORDERED that the total payment of Four Hundred Ninety Thousand and 00/100 ($490,000.00) Dollars is to be received by the Petitioner in full and final settlement of any and all claims of the heirs and beneficiaries of said Deceased and attorney's fees and costs are to be paid as set forth above.

FURTHER, IT IS ORDERED all claims shall be forever ended with prejudice against the Defendant, Cooper Tire and Rubber Company, their respective heirs, agents, apparent agents, servants, employees, former employees, insurers, officers, board members, and their heirs, successors and assigns.

IT IS FURTHER ORDERED that the Petitioner's request for the approval of attorneys' fees and legal expenses as listed above is hereby approved as fair and reasonable.

AND IT IS SO ORDERED.

_____
Richard M. Gergel
U.S. District Judge

Charleston, South Carolina
January ___7___, 2013

5

**WE CONSENT:**

_____
Winston A. Lawton, III, Esquire, Special
Administrator of the Estate of Olga Rita Lee

_____
Ronnie L. Crosby
Mark D. Ball
R. Alexander Murdaugh
**Attorneys for Petitioner**

_____
Richard H. Monk, III
**Attorney for Defendant**

6